# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LELAND NAPOLEON JONES,<br><br>Petitioner,<br><br>v.<br><br>AL ST. LAWRENCE,<br><br>Respondent. | Case No. CV412-055 |

## REPORT AND RECOMMENDATION

Leland Napoleon Jones, a pre-trial detainee held at the Chatham County Detention Center while awaiting prosecution for, *inter alia*, burglary, *see Jones v. Savannah Chatham Metro. Police Dep't*, CV412-013, doc. 9 at 9-10 (S.D. Ga. Feb. 23, 2012), petitions this Court under 28 U.S.C. § 2241, doc. 1, and moves for leave to file it in forma pauperis (IFP). Doc. 4. Indicted on May 4, 2011, he is unhappy with the pace of that case and insists that the state is violating his speedy trial, due process, and other rights. Doc. 1 at 2-5. He thus petitions for unspecified habeas relief. *Id.* at 5 ¶ 9.

The Court **GRANTS** his IFP motion (doc. 4) but concludes his petition must be dismissed. Pretrial § 2241 petitions must be exhausted.

*Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Georgia law

> allows pretrial detainees to raise each of these types of claims either during state criminal proceedings or collaterally in a state habeas corpus action. *See Perera v. Miller*, 283 Ga. 583, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim and ineffective assistance of counsel claims during the course of criminal proceedings); *Jackson v. State*, 279 Ga. 449, 614 S.E.2d 781, 783–84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); *Rainwater v. Langley*, 277 Ga. 127, 587 S.E.2d 18, 19–20 (Ga. 2003) (challenging pretrial detention in state habeas petition); *Banks v. Waldrop*, 272 Ga. 475, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); *McClure v. Hopper*, 234 Ga. 45, 214 S.E.2d 503, 506 (Ga. 1975) (holding that claim based on denial of a timely first appearance may be cognizable in habeas corpus action).

*Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011). As in *Harvey*, Jones "has not alleged, and there is nothing in the record to suggest, that he filed a state habeas petition challenging his pre-trial detention." *Id.* Therefore, his petition should be **DISMISSED WITHOUT PREJUDICE** so that he may exhaust available state

2

remedies.[1]

**SO REPORTED AND RECOMMENDED,** this 28th day of February, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court recently advised that his baseless 42 U.S.C. § 1983 case, aimed at jamming up this same prosecution, be dismissed. *Jones*, CV412-013, doc. 9.